NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 20, 2021[*]
Decided October 21, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 20-1490

| | |
|---|---|
| ROBERT MINERLY,<br>    *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Southern District of Illinois. |
| *v.* | No. 3:19-CV-0467-GCS |
| NICK NALLEY, *et al.*,<br>    *Defendants-Appellees*. | Gilbert C. Sison,<br>*Magistrate Judge*. |

## O R D E R

Robert Minerly, an Illinois prisoner, appeals the district court's entry of summary judgment for the prison staff members he sued under 42 U.S.C. § 1983. Minerly alleges that the defendants retaliated against him for filing grievances, conspired to prevent

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

him from filing more grievances, and held a sham disciplinary hearing, all in violation of his constitutional rights. After the defendants raised the affirmative defense of lack of exhaustion, the district court held an evidentiary hearing. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). The court found that Minerly had not exhausted his administrative remedies and entered summary judgment for the defendants. Because the district court did not err by crediting the defendants' evidence, we affirm.

We recount the underlying facts, some of which the defendants denied in their answer, in the light most favorable to Minerly. *See Reid v. Balota*, 962 F.3d 325, 327 (7th Cir. 2020). Between April and July 2017, when Minerly was an inmate at Big Muddy River Correctional Center, he filed a string of grievances stemming from a search of his cell. During the search, correctional officer Nick Nalley seized legal materials while complaining about grievances that Minerly had filed against Nalley. The verbal harassment continued after the search, and Nalley also issued a false disciplinary ticket against Minerly for possessing contraband. Then, another correctional officer, Randy Valdez, unexpectedly confronted Minerly in the shower to conduct a perfunctory "disciplinary hearing" on the ticket, and a third officer, Allen Aparicio, then destroyed evidence of the false ticket.

Minerly submitted four grievances to counselor Paul Yates regarding these incidents. According to Minerly, Yates returned two because they were missing required information (original written pages, as opposed to photocopies, and a requested remedy) and did not respond to the other two. Five days after Yates returned the two grievances, Minerly filed a fifth grievance about Yates's inaction on his grievances and alleged that Yates was part of a broader conspiracy with the correctional officers to prevent Minerly from filing grievances. Yates did not respond to this grievance either.

Within days of submitting the fifth grievance to Yates, Minerly sent all five directly to the Illinois Department of Corrections' Administrative Review Board. The Board returned the grievances to Minerly because he had not followed proper procedures, which required that he obtain written responses from a grievance officer if the counselor, Yates, did not resolve his complaints. Minerly then filed a sixth grievance. This time he complained of overall inadequacies in the inmate complaint system; to support his point, he attached copies of the text of his first five unresolved grievances. The sixth grievance proceeded through the required steps, though the Board ultimately declined to review the copied complaints on which it was based because they were not the originals and had not been through the proper sequence.

Minerly sued the correctional officers and Yates for retaliation against him for filing grievances, conspiracy to prevent him from filing further grievances, and denial of a fair disciplinary hearing. Minerly also sought to bring a class action on behalf of Illinois prisoners, citing "impossible obstacles" in the Illinois Department of Corrections' grievance system that violated prisoners' constitutional rights. The district court dismissed that claim at screening, *see* 28 U.S.C. § 1915A, for failure to state a claim.

The defendants moved for summary judgment, asserting that Minerly failed to exhaust his administrative remedies. 42 U.S.C. § 1997e(a). They argued that, although he had submitted grievances, he did not comply with the provisions of the Illinois Administrative Code requiring him to first grieve the issues with a counselor, *see* ILL. ADMIN. CODE tit. 20, § 504.810(a), and, if dissatisfied, appeal to a grievance officer, *id*. § 504.820(a). Only after receiving a response from the grievance officer could Minerly appeal to the Administrative Review Board. *See id*. § 504.850(a). To resolve the dispute over whether Minerly followed the appropriate steps or was prevented from doing so, the magistrate judge (presiding with the parties' consent, 28 U.S.C. § 636(c)) conducted a *Pavey* hearing.

In his opposition brief and at the *Pavey* hearing, Minerly insisted that he had tried to follow the proper procedures, but Yates deliberately interfered. Minerly explained that he submitted five grievances about the officers' alleged misconduct and Yates's unsatisfactory response, but Yates had thwarted his ability to exhaust administrative remedies by not responding to three grievances and returning two under "false pretenses."

The defendants countered with records showing that Minerly did not file his first five grievances with a grievance officer—even after the Board returned them with instructions to do so. That step was required regardless of whether the counselor adequately responded or even responded at all. Further, the defendants elicited testimony from Minerly that he did not correct the errors with the two grievances Yates rejected or wait more than two weeks for Yates to respond to the other three. As for Minerly's sixth grievance about the inmate complaint system overall, the chairperson of the Board testified that attaching copies of earlier grievances did not entitle Minerly to review of their substance because they had not gone through the required steps.

From this evidence, the district court concluded that Minerly's testimony about being prevented from properly exhausting was not credible and that he had

administrative remedies available to him that he did not properly use. It found instead that Minerly submitted two grievances improperly and failed to give Yates sufficient time to respond to the other three. Additionally, Minerly did not submit any of those grievances to a grievance officer, nor did he correct the deficiencies and resubmit them when the Board gave him the chance to do so. Therefore, the court granted summary judgment for the defendants.

On appeal, Minerly contends that Yates's non-responses rendered the administrative process effectively unavailable to him and that the district court improperly resolved factual disputes on this point. When a district court, after a *Pavey* hearing, enters judgment against a prisoner for failure to exhaust, we review its legal decisions de novo and its factual findings for clear error. *Ramirez v. Young*, 906 F.3d 530, 533 (7th Cir. 2018). We will find that a district court's findings were clearly erroneous only if it credited testimony that was facially implausible or contradicted by irrefutable evidence, or else discredited testimony on irrational grounds. *See Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018).

That did not happen here. Although Minerly asserts that the district court exceeded its role at summary judgment, after a *Pavey* hearing, the district court is empowered to make credibility determinations and factual findings about matters pertaining to exhaustion. *Wilborn*, 881 F.3d at 1004. Evidence, including Minerly's own testimony, showed that Yates gave him reasons for returning two grievances and that he appealed the other three without waiting for Yates to respond. And he further confirmed that he did not submit any of his grievances to a grievance officer, as required, before appealing directly to the Board. Nothing in the record compelled a conclusion that Yates intended to prevent Minerly from exhausting, and the court was not required to credit Minerly's speculation to that effect. Having determined that Minerly did not follow the required procedures in the Illinois Administrative Code, *see Jones v. Bock*, 549 U.S. 199, 218 (2007), the district court rightly granted summary judgment in favor of the defendants.

Minerly also contends that the district court erred in dismissing the class-action claim at screening, but the dismissal was proper. The alleged inadequacy of a state's grievance procedure cannot, in itself, give rise to a constitutional claim. *See Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015). If a state's grievance procedure is constitutionally inadequate, the remedy is to excuse the affected inmate from the exhaustion requirement. *Id*.

We have considered Minerly's remaining arguments, and none has merit.

AFFIRMED